**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**UNITED STATES OLYMPIC & PARALYMPIC COMMITTEE,**
a federally chartered corporation,

      Plaintiff,

v.                                                 Civil Action No. _____

**TEMPTING BRANDS NETHERLANDS B.V.,**

Serve: De Smalle Sijde 3
        3903 LL Veenendaal, Netherlands,

      **Defendant.**

## COMPLAINT

Plaintiff the United States Olympic & Paralympic Committee ("USOPC"), by and through its undersigned attorneys, as and for its Complaint against Tempting Brand Netherlands B.V., alleges as follows:

## PARTIES

1.    The USOPC is a federally chartered corporation with its principal place of business at One Olympic Plaza, Colorado Springs, Colorado 80909.

2.    Upon information and belief, Defendant Tempting Brands Netherlands B.V. ("Tempting Brands") is a corporation organized under the laws of the Netherlands with its principal place of business at Smalle Zijde 3, NL-3903 LL, Veenendaal, the Netherlands.

## JURISDICTION

3.    This is a civil action seeking review of a decision of the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("TTAB") under the trademark laws of the United States, 15 U.S.C. § 1071(b), and seeking a determination that Tempting Brands'

registration and use of the PIERRE DE COUBERTIN mark violate the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220506 (the "Ted Stevens Act"). This action arises under the laws of the United States, 15 U.S.C. § 1071(b) and 36 U.S.C. § 220506, such that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Tempting Brands pursuant § 1071(b) in that Tempting Brands has applied to register the mark PIERRE DE COUBERTIN with the United States Patent and Trademark Office.

5. Venue is proper in the Eastern District of Virginia pursuant to 15 U.S.C. § 1071(b)(4), as Tempting Brands resides in a foreign country and is party to a decision by the TTAB.

## FACTUAL BACKGROUND

6. The USOPC[1] is a federally chartered, internationally known corporation that serves as both the National Olympic Committee and National Paralympic Committee for the United States. As such, the USOPC is responsible for the training and funding of U.S. teams for the Olympic, Paralympic, Youth Olympic, Pan American and Parapan American Games, while serving as a steward of the Olympic Movement throughout the United States. The USOPC relies significantly upon the licensing of its trademarks for its funding and the associated funding of the U.S. Olympic Team.

7. Pursuant to the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §220506, Congress granted the USOPC exclusive rights to commercially exploit certain marks and symbols related to the Olympic Movement in the United States, including "any trademark, trade name, sign,

---

[1] The USOPC was known as the United States Olympic Committee (the "USOC") at the time it commenced the underlying proceeding before the TTAB. It is for this reason that the caption and filings in the underlying proceeding reference the USOPC as the USOC.

2

symbol, or insignia falsely representing association with, or authorization by, the International Olympic Committee, the International Paralympic Committee, the Pan-American Sports Organization, or the [USOPC]." 36 U.S.C. § 220506(c)(4).

8. The TTAB has held that the USOPC and the Olympic Movement qualify as an institution pursuant to Section 2(a) of the Trademark Act, 15 U.S.C. § 1052(a), [*see In re Urbano*, 15 USPQ2d 1776, 1779 (TTAB 1999)], such that applications for trademarks falsely suggesting a connection with the Olympic Movement must be refused under Section 2(a).

9. One such mark is PIERRE DE COUBERTIN, which is the same as the name of Pierre de Coubertin, the founder of the modern Olympic Movement.

10. Pierre de Coubertin also was the co-founder and first president of the International Olympic Committee (the "IOC"), which is the governing body of the USOPC and other national Olympic committees.

11. Pierre de Coubertin was instrumental in reviving the Olympic Movement in the late nineteenth century and in shaping the Olympic Games as we know them today. He even designed the Olympic Rings logo, helped create the Olympic motto, "*Citius, Altius, Fortius* (Faster, Higher, Stronger)" and composed the Olympic slogan, "The most important thing in the Olympic Games is not to win but to take part, just as the most important thing in life is not the triumph but the struggle."

12. Pierre de Coubertin is so inextricably connected with the IOC and the Olympic Movement that they are commonly regarded as one and the same. That was the ultimate goal of Pierre de Coubertin's life and consumed all of his energy until his death. Pierre de Coubertin is buried in front of the IOC headquarters, and sculptures of Pierre de Coubertin adorn the entrance and gardens of the IOC headquarters. Pierre de Coubertin was more than just the founder and first

president of the IOC.  Because of this history and the use of the PIERRE DE COUBERTIN mark over the years in connection with the IOC and USOPC, the name PIERRE DE COUBERTIN is synonymous with the Olympic Movement.

13. Pierre de Coubertin's ties to the Olympic Movement also are apparent in the modern features, merchandising, and advertising of the Olympics.  Among the Olympics' selectively-awarded sportsmanship awards, for example, is the prestigious "Pierre de Coubertin medal."

14. In addition, the IOC sells Olympic merchandise featuring Pierre de Coubertin's moustache (with a product description on the IOC's retail website explaining Pierre de Coubertin's founding of the Olympic Movement).

15. Promotions for the Olympic Movement have also emphasized Pierre de Coubertin's role in the modern version of the Olympic Games, including a 1996 Olympic Games opening trailer and a monument in Centennial Olympic Park in Atlanta, Georgia that was erected in his honor.

16. The USOPC has rights to the "Pierre de Coubertin" name both abroad and within the U.S.  Indeed, U.S. consumers, who constitute a large portion of the audience for the Olympic Games, are aware of Pierre de Coubertin and his close connection with the Olympic Movement.

17. The name, "Pierre de Coubertin," is inextricably affiliated with the Olympic Movement, such that the USOPC has an interest within the zone of interests protected by Section 2(a) and the Ted Stevens Act and would have a reasonable basis for believing that the registration by another party of the PIERRE DE COUBERTIN mark would damage the Olympic Movement as an institution.

18. Nevertheless, on December 21, 2015, Defendant Tempting Brands, a brand development and licensing company, applied to register the mark PIERRE DE COUBERTIN (the "Infringing Mark") on the Principal Register in International Classes 3, 9, 14, 18, 25, and 28 for a variety of goods (including athletic equipment), which application was designated Serial No. 79/185,262.

19. Tempting Brands applied to register, and purports to be using or to intend to use, the Infringing Mark in the United States in connection with the goods and services listed in the trademark application.

20. Tempting Brands activities under the Infringing Mark include acquiring the domain name www.pierredecoubertin.com, hosting a webpage under the www.pierredecoubertin.com website that prominently displays a stylized rendition of the PIERRE DE COUBERTIN mark, and soliciting email addresses of consumers and others visiting the www.pierredecoubertin.com website. The website has the teaser "Our new website will be available soon. Be the first to know when [the] website is ready." The website also has a big SUBSCRIBE! button. When an email address is provided and the SUBSCRIBE! button clicked, the PIERRE DE COUBERTIN website says, "Data was successfully sent!" Thus, Tempting Brands is soliciting email addresses from consumers under the PIERRE DE COUBERTIN mark, offering a subscription service under that mark, transmitting the email addresses to undisclosed servers, and maintaining contact information for consumers who have subscribed, all under the PIERRE DE COUBERTIN mark. Such conduct constitutes use in commerce. Moreover, Tempting Brands' use of the PIERRE DE COUBERTIN mark is for the purpose of trade and to induce the sale its goods and services.

21. Pierre de Coubertin is not the only famous person whose name Tempting Brands has tried to claim for itself. Tempting Brands has also sought to register trademarks at the

U.S.P.T.O. for marks that include the name MARIE ANTOINETTE, namely, Serial Nos. 79/196,8678 and 79/298,515.

22. Tempting Brands applied to register, and purports to be using or to intend to use, the Infringing Mark in an effort to draw a false connection between it and the Olympic Movement.

23. Further indication of Tempting Brands' intent to falsely associate with the Olympic Movement is its intent (recently abandoned) to use the logo, "PDC," which it conceded was "clearly inspired by Pierre de Coubertin." Indeed, not only do the letters in the "PDC" logo match Pierre de Coubertin's initials, but the logo (pictured below) mirrors that of the Olympic Rings designed by Pierre de. Coubertin.



24. The Infringing Mark points uniquely and directly at the Olympic Movement because it is identical to the name of the founder and first president of the Olympic Movement.

25. Consumers encountering the Infringing Mark on Tempting Brands' goods are likely to mistakenly assume a connection with the Olympic Movement because the name "Pierre de Coubertin" is famous and inextricably tied to the Olympic Movement.

26. The Olympic Movement is not connected to Tempting Brands or the goods it purportedly offers or intends to offer under the Infringing Mark.

## THE TTAB PROCEEDING

27. By notice dated February 23, 2017, the USOPC filed its opposition to Tempting Brands' Application Serial No. 79/185,262 for the PIERRE DE COUBERTIN mark.

28. In its Opposition, the USOPC alleged that Tempting Brands' registration of the PIERRE DE COUBERTIN mark would violate Section 2(a) of the Lanham Action because the

mark falsely suggests a connection with the Olympic Movement as an institution. Specifically, the USOPC asserted that:

(a) allowing Tempting Brands to obtain a registration for the name "Pierre de Coubertin" would create a false association in the public's mind between Tempting Brands and the Olympic Movement;

(b) the Infringing Mark is misdescriptive of the character, quality, function, or use of Tempting Brands' goods because those goods have no association with the Olympic Movement;

(c) prospective purchasers are likely to believe that Tempting Brands' goods are related to the Olympic Movement because Pierre de Coubertin's fame is inextricably tied to the Olympic Movement; and

(d) the lack of connection between Mr. Coubertin and Tempting Brands demonstrates that the Infringing Mark "falsely suggests a connection with persons, living or dead," which is a violation of Section 2(a) of the Lanham Act, or 15 U.S.C. § 1052.

29. On April 7, 2017, Tempting Brands answered the Opposition, denying the Opposition's salient allegations.

30. Following a trial submitted on briefs and oral argument heard by the TTAB on September 29, 2020, the TTAB issued a decision on February 5, 2021 (the "TTAB Decision"), concluding that the PIERRE DE COUBERTIN mark did not falsely suggest a connection with the USOPC in violation of Section 2(a) of the Trademark Act. Specifically, the TTAB found the evidence insufficient to satisfy the first two elements of the test for Section 2(a), *i.e.*, that the Infringing Mark (1) "is the same as, or a close approximation of, the name or identity previously

used by [the Olympic Movement]" and (2) "would be recognized as such, in that it points uniquely and unmistakably to [the Olympic Movement]."

31. The TTAB Decision is erroneous.

32. Pursuant to 15 U.S.C. § 1071(b) of the Lanham Act, the USOPC seeks review of the TTAB Decision.

33. In addition, the USOPC asserts that Tempting Brands' use and registration of the PIERRE DE COUBERTIN mark violate the Ted Stevens Act.

### FIRST CLAIM FOR RELIEF
### REQUEST FOR REVIEW AND REVERSAL
### UNDER THE LANHAM ACT, 15 U.S.C. § 1071(b)

34. Plaintiff incorporates by reference the preceding paragraphs herein as if set forth in full.

35. The TTAB Decision is subject to review under Section 21(b) of the Lanham Act, 15 U.S.C. § 1071(b).

36. The USOPC respectfully requests a *de novo* judicial review of the TTAB Decision.

37. The USOPC is dissatisfied with the erroneous TTAB Decision dismissing the USOPC's opposition to Application Serial No. 79/185,262 on the ground that the mark falsely suggests a connection with the institution of the Olympic Movement in violation of Section 2(a) of the Trademark Act, codified at 15 U.S.C. § 1052(a).

38. The USOPC elects recourse by civil action under Section 21(b) of the Lanham Act for reversal of the TTAB Decision. The USOPC's opposition against Defendant's PIERRE DE COUBERTIN mark should be sustained, and registration to Defendant be refused.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF THE TED STEVENS OLYMPIC AND AND AMATEUR SPORTS ACT 36 U.S.C. § 220506

39. Plaintiff incorporates by reference the preceding paragraphs herein as if set forth in full.

40. Pursuant to The Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. §220506(c)(4), the USOPC may file a civil action against a person for the remedies provided in the Lanham Act if the person, without the consent of the USOPC, uses for the purpose of trade, to induce the sale of any goods or services, or to promote any theatrical exhibition, athletic performance, or competition, any trademark, trade name, sign, symbol, or insignia that falsely represents an association with, or authorization by, the USOPC or the IOC.

41. As described above, Tempting Brands is and intends to continue engaging in the unauthorized commercial use of the PIERRE DE COUBERTIN mark, thereby falsely representing association with or authorization by the USOPC, the IOC, and/or the Olympic Games.

42. Tempting Brand's use and intended use of the PIERRE DE COUBERTIN mark on the goods identified in its trademark applications is and will continue to be without the authorization of the USOPC and the IOC, and violates and will continue to violate the Ted Stevens Olympic and Amateur Sports Act.

43. The PIERRE DE COUBERTIN mark is likely to cause confusion, mistake, and deception among consumers as to the origin and quality of the products bearing the PIERRE DE COUBERTIN mark, as consumers are likely to believe that Tempting Brands' products and activities are authorized by, licensed or endorsed by, or associated with the USOPC, the IOC, and/or the Olympic Games.

44. An actual and live controversy has arisen and currently exists between the parties regarding whether Tempting Brands' current and future use of the PIERRE DE COUBERTIN mark constitutes a violation of the Ted Stevens Olympic and Amateur Sports Act.

45. Tempting Brands' conduct has been and continues to be willful, deliberate, and in bad faith, with malicious intent to trade on the goodwill of the USOPC and the IOC.

46. By its conduct, Tempting Brands has caused the USOPC damage and irreparable injury for which it has no adequate remedy at law, and Tempting Brands will continue to do so unless restrained and enjoined by this Court from further infringing the USOPC's marks and confusing the public.

47. On information and belief, Tempting Brands has and will continue to receive revenues and profits as a result of its infringing use, to which Tempting Brands is not entitled, and the USOPC has suffered damages as a result of Tempting Brands' unlawful conduct, for which Tempting Brands is responsible.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the USOPC demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the USOPC prays as follows:

a) For an Order reversing and vacating the February 5, 2021 decision of the TTAB, sustaining the opposition against Defendant's PIERRE DE COUBERTIN mark, and refusing registration of the same to Defendant;

b) For an Order declaring that Defendant's uses and/or registration of the PIERRE DE COUBERTIN mark violate the Ted Stevens Act;

    c)    For an Order entering a permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, licensees and all persons in active concert or participation with any of them:

        a.    From using, registering or seeking to register the PIERRE DE COUBERTIN mark in any form, including in connection with any other wording or designs, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to PIERRE DE COUBERTIN or which falsely represent an association with, or authorization by, the USOPC or its affiliates;

    d)    For an Order requiring that Tempting Brands transfer the domain name pierredecoubertin.com to the USOPC; and

    e)    For such other and further relief that the Court deems just and proper.

Date:   April 9, 2021.

Respectfully submitted,

U.S. OLYMPIC & PARALYMPIC COMMITTEE

By Counsel

*David B. Lacy*
David B. Lacy (VSB No. 71177)
Belinda D. Jones (VSB No. 72169)
CHRISTIAN & BARTON, L.L.P.
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Tel.:   (804) 697-4100
Fax:   (804) 697-4112
dlacy@cblaw.com
bjones@cblaw.com

Scott W. Johnston
MERCHANT & GOULD P.C.

11

150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
Tel.:    (612) 332-5300
Fax:    (612) 332-9081
sjohnston@merchantgould.com

*pro hac vice motion pending*

#2728995